# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Trinity J. Wicka, | Civ. No. 21–206 (MJD/BRT) |
| Petitioner, | |
| v. | ORDER AND REPORT AND RECOMMENDATION |
| United States of America, | |
| Respondent. | |

Trinity J. Wicka, *pro se* Petitioner.

Chad A. Blumenfield, Esq., United States Attorney's Office, counsel for Respondent.

This matter is before the Court on Trinity J. Wicka's "Emergency Motion for 28 U.S.C. § 2241." (Doc. No. 1, Pet.) Wicka asserts he is being denied due process as a result of an incident at a residential re-entry center, which caused him to be placed in the Renville County Jail for the remainder of his sentence. (*See* Pet.; Doc. No. 3.) The parties have fully briefed the matter and it is ripe for decision. For the following reasons, this Court recommends the Petition be denied.

## I.   Background

Wicka pled guilty to possession of stolen firearms in violation of 18 U.S.C. § 922(j). *United States v. Wicka*, No. 17-cr-9 (SRN/TNL), Doc. No. 181 (D. Minn. Feb. 7, 2019). The United States District Court Judge sentenced Wicka to 36 months' imprisonment and 3 years supervised release. *Id.*; (*see also* Doc. No. 13, Decl. of Brenda

Mort ¶ 5, Ex. A). Wicka has a projected release date of September 27, 2021. (Mort Decl. ¶ 5.)

On October 26, 2020, Wicka was transferred from FMC–Lexington to a Volunteers of America residential re-entry center ("VOA RRC") in Minneapolis, Minnesota. (*Id.* ¶ 6; Doc. No. 3, Decl. of Trinity J. Wicka ¶ 2.) On January 7, 2021, VOA RRC staff investigated flooding in a bathroom, finding Wicka dazed and covered in water. (Doc. No. 1-1 at 1.) The bathroom sink was broken off the wall with water flooding the area. (*Id.*) The soap and towel dispensers were broken and scattered about. (*Id.*) Wicka claimed he blacked out and did not remember what happened. (*Id.*) Staff then searched Wicka's room, finding a folded napkin hidden in the ceiling light fixture. (*Id.* at 2.) The napkin contained three rolled roaches containing synthetic cannabinoids. (*Id.*)

The following day, on January 8, 2021, Wicka was removed from the VOA RRC after two incident reports from the previous day: (1) destroying VOA property, and (2) possession of narcotics. (Mort Decl. ¶ 7; *see* Doc. No. 1-1.) Wicka was placed in the Renville County Jail. (Mort Decl. ¶ 7.) The two January 7, 2021 incident reports were expunged by the disciplinary hearing officer due to procedural errors and are not part of Wicka's disciplinary history. (*Id.* ¶ 8.) In an unrelated incident, Wicka had been found guilty of possessing drugs in the VOA RRC bathroom on November 6, 2020, and he was sanctioned with loss of 40 days good conduct time. (*Id.* ¶ 9; *Id.* at Ex. D.)

Wicka sought federal habeas relief on January 27, 2021. (Pet.) Wicka's Petition asserts that because the VOA RRC did not deliver the January 7, 2021 incident report to him within 24 hours as required by BOP regulations it was a violation of his Due Process

2

rights. (Pet. at 4; Wicka Decl. ¶¶ 12–23.) Wicka's Petition also challenges his reassignment from the VOA RRC to the Renville County Jail. (*Id.*) In a later filing,[1] Wicka acknowledges the two January 7, 2021 incident reports were expunged, but still argues that his reassignment from the VOA RRC to the Renville County Jail was without any basis. (Doc. No. 6 at 2.) Wicka requests to be returned to the VOA RRC or released from BOP custody. (*Id.*)

    II.    Analysis

The only active challenge before the Court is Wicka's claim that the BOP improperly removed him from the VOA RRC and placed him in the Renville County Jail for the remainder of his sentence.

"[A] prisoner enjoys no constitutional right to remain in a particular institution and generally is not entitled to due process protections prior to such a transfer." *Murphy v. Mo. Dept. of Cor.*, 769 F.2d 502, 503 (8th Cir. 1985) (per curiam) (citing *Olim v. Wakinekona,* 461 U.S. 238 (1983), and *Meachum v. Fano*, 427 U.S. 215, 228–29 (1976)). Placement decisions are squarely within the discretion of the Bureau of Prisons. 18 U.S.C. § 3621(b); *Moorman v. Thalacker,* 83 F.3d 970, 973 (8th Cir. 1996) ("Thus, constitutionally speaking, such assignments are discretionary, so long as they are not done for prohibited or invidious reasons and do not rise to independent constitutional

---

[1] Before Respondent answered Wicka's Petition, Wicka filed his Motion for Leave to Supplement the Record (Doc. No. 6) seeking to add into the record incident reports and disciplinary records referenced in his Petition. (Doc. No. 7.) Wicka also withdraws one of his habeas claims, narrowing the issues at dispute. Respondent has already considered Wicka's filing and responded thereto. Accordingly, the Motion is GRANTED.

violations on their own weight."). Federal inmates do not have a liberty interest in remaining free from discretionary transfers to less agreeable prisons. *Meachum*, 427 U.S. at 225.

Here, Wicka's removal from the VOA RRC and placement into the Renville County Jail was not done for a prohibited or invidious reason. Wicka had several incidents at the VOA RRC that led the BOP to conclude he required a more secure placement. Wicka was sanctioned with loss of 40 days of good conduct time because of the November 6, 2020 drug incident at the VOA RRC. Then, VOA RRC staff reported Wicka destroyed property and possessed drugs on January 7, 2021. While Wicka was ultimately not punished for those January 2021 incidents,[2] that does not mean the BOP must ignore entirely that information when weighing where to place Wicka. It is not a Due Process violation for the BOP to consider all the information available to it, including unpunished conduct. 18 U.S.C. § 3621(b) (allowing the BOP to consider, *inter alia*, "the prisoner's security designation, the prisoner's programmatic needs, the prisoner's mental and medical health needs, . . . and other security concerns of the Bureau of Prisons"); *see Bennett v. Outlaw*, 2009 WL 3808528, at *3 (E.D. Ark. Nov. 13, 2009) ("It is somewhat understandable how Petitioner believes he was vindicated from the

---

[2] Some confusion appears to stem from Wicka's mistaken belief that his placement at the VOA RRC was a form of release. (*See* Doc. Nos. 15, 16 (referencing his placement at the RRC as parole or conditional release).) An RRC placement still constitutes imprisonment. *Miller v. Whitehead*, 527 F.3d 752, 755 n.3 (8th Cir. 2008). Wicka was in BOP custody while at the VOA RRC and remains in BOP custody while at the Renville County Jail. Thus, Wicka was not placed back into custody after being released, he has remained in custody since he was sentenced by the district judge.

4

incident because he was acquitted from the disciplinary charges. Yet, as Petitioner's Correctional Counselor stated in response to his grievance, his incident report 'was expunged prior to being heard by the DHO due to administrative issues.' BOP officials determined there was still merit to the allegation that Petitioner possessed intoxicants which directly impacts his participation in the RDAP program. His technical acquittal does not free him completely from the administrative grips of the BOP. Fair or not, the BOP has full authority to exercise their authority in this manner and the Court has no authority to intervene on Petitioner's behalf."); *see also Fiorito v. Saad*, 2017 WL 3712913, at *6 (N.D. W. Va. July 10, 2017) ("To the extent Petitioner alleges that his custody classification has been inflated as a result of the expunged incident report, this Court has consistently ruled that an inmate's challenge to his security score is not a proper basis for the award of habeas relief."), *report and recommendation adopted by* 2017 WL 3711815, at *1 (N.D. W. Va. Aug. 28, 2017). Based on all that information, the BOP determined that Wicka's failures to abide by the VOA RRC's rules required his placement in a more secure facility. (Mort Decl. ¶ 10.) This determination does not violate Wicka's constitutional rights. *See McCarthy v. Fed. Bureau of Prisons*, No. 10-cv-745 (PJS/SRN), 2010 WL 4320507, at *2 (D. Minn. Sept. 29, 2010) ("In fact, this Court has ruled repeatedly and consistently that a prisoner has no legal right or entitlement to any period of RRC placement.").

In his reply brief, Wicka attempts to shift his habeas claim into one under the Administrative Procedures Act ("APA") by arguing that the BOP's transfer decision was arbitrary and capricious. (Doc. No. 15.) The APA allows for judicial review of an

5

individual's claim that an agency's action was arbitrary, capricious, or an abuse of discretion. 5 U.S.C. §§ 702, 706. In *Reeb v. Thomas*, the Ninth Circuit observed that "[t]here is no ambiguity in the meaning of 18 U.S.C. § 3625"; its plain language "specifies that the judicial review provisions of the APA, 5 U.S.C. §§ 701–706, do not apply to 'any determination, decision, or order' made pursuant to 18 U.S.C. §§ 3621–3624." 636 F.3d 1224, 1227 (9th Cir. 2011). Thus, Wicka cannot use the APA to review the BOP's discretionary decision to place him in the Renville County Jail.

The Court can resolve Wicka's Petition by relying on the record. Thus, an evidentiary hearing is not necessary. *Wallace v. Lockhart*, 701 F.2d 719, 729–30 (8th Cir. 1983) ("[D]ismissal of the habeas petition without a hearing is proper where . . . the dispute can be resolved on the basis of the record." (internal citations omitted)).

# ORDER

Based on the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Wicka's Motion for Leave to Supplement the Record (Doc. No. 6) is **GRANTED**.

# RECOMMENDATION

Based on the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Wicka's "Emergency Motion for 28 U.S.C. § 2241" (Doc. No. 1) be **DENIED** and this action be **DISMISSED WITH PREJUDICE**.

Date: June 1, 2021

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge

# NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Pursuant to Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report within **fourteen (14) days**. A party may respond to those objections within **fourteen (14) days** after service thereof. All objections and responses must comply with the word or line limits set forth in LR 72.2(c).